# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

PROJECT VERITAS

*Plaintiff-Appellant,*

v.

CABLE NEWS NETWORK, INC.

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Northern District of Georgia
(Case No. 1:21-cv-01722-SCJ, Hon. Steve C. Jones)

---

## REPLY BRIEF OF
## PLAINTIFF-APPELLANT PROJECT VERITAS

---

HARMEET K. DHILLON
MATTHEW S. SARELSON
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700

ELIZABETH M. LOCKE, P.C.
   *Counsel of Record*
JOSEPH R. OLIVERI
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
libby@clarelocke.com

*Attorneys for Plaintiff-Appellant*

October 12, 2022

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

### Corporate Disclosure Statement

Plaintiff-Appellant Project Veritas is a non-profit 501(c)(3) public benefit corporation. Project Veritas has no parent corporation and no publicly held corporation owns 10% or more of its stock.

### Interested Persons

**Baughman, Krista L.** (Counsel for Plaintiff-Appellant)

**Bryan Cave Leighton Paisner LLP** (Law Firm; Counsel for Defendant-Appellee)

**Cable News Network, Inc.** (Defendant-Appellee)

**Chalmers & Adams LLC** (Law Firm; Trial Counsel for Plaintiff-Appellant)

**Chalmers, Jr., Douglas** (Trial Counsel for Plaintiff-Appellant)

**Clare Locke LLP** (Law Firm; Appellate Counsel for Plaintiff-Appellant)

**Coleman, Ronald D.** (Counsel for Plaintiff-Appellant)

**Dhillon, Harmeet K.** (Counsel for Plaintiff-Appellant)

**Dhillon Law Group Inc.** (Law Firm; Counsel for Plaintiff-Appellant)

**Elizabeth M. Locke, P.C.** (Appellate Counsel for Plaintiff-Appellant)

**Historic TW Inc.** (Corporation related to Defendant-Appellee)

**Jones, Hon. Steve C.** (U.S. District Judge, U.S. District Court for the Northern District of Georgia)

**Oliveri, Joseph R.** (Appellate Counsel for Plaintiff-Appellant)

**Project Veritas** (Plaintiff-Appellant)

**Project Veritas Action** (A separate 501(c)(4) corporate entity related to Plaintiff-Appellant)

**Sarelson, Matthew S.** (Counsel for Plaintiff-Appellant)

**Schroeder, Eric (**Counsel for Defendant-Appellee)

**Sweigart, Karin M.** (Counsel for Plaintiff-Appellant)

**Underwood, Jr., Brian McKinley** (Counsel for Defendant-Appellee)

**Wagner, Heather** (Trial Counsel for Plaintiff-Appellant)

**Warner Bros. Discovery, Inc. (NASDAQ: WBD)** (Parent corporation of Defendant-Appellee)

**Warner Media, LLC** (Limited liability company related to Defendant-Appellee)

**WarnerMedia Holdings, Inc.** (Corporation related to Defendant-Appellee)

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT..............................................................................C-1

TABLE OF AUTHORITIES.................................................................. iii

INTRODUCTION ...................................................................................1

ARGUMENT .........................................................................................3

I.     CNN Offers No Valid Reason to Hold Its Defamatory Statement Substantially True. ...........................................................................3

       A.     CNN Cannot Justify the District Court's Application of an Incorrect Comparative-Harm Test for Substantial Truth—And It Barely Even Tries to Do So. ......................................................................3

       B.     Veritas Satisfied Even the District Court's (and CNN's) Incorrect Comparative-Harm Test—CNN's Contrary Argument Relies on a Misstatement of the Record and Its Own Unsupported Say-So. ..........8

II.    CNN's Attempts to Obscure the Substantial Truth Issue by Raising a Grab-Bag of Unrelated Arguments Cannot Rescue the District Court's Erroneous Decision. ......................................................................11

       A.     CNN's Libel-Proof Plaintiff and Incremental Harm Argument Is a Straw Man. .....................................................................11

       B.     CNN Invents a Federal-Law Material Falsity Requirement That Does Not Exist and Asks This Court to Affirm on That Improper Basis. ............................................................................12

III.   CNN's Requests for Affirmance on Other Grounds Should Be Denied.......16

       A.     CNN's Contention That Veritas Failed to Properly Plead a Defamation-by-Implication Claim Is Meritless. ..................................16

           1.    CNN Expressly Defamed Veritas..............................................17

           2.    CNN's Defamation-by-Implication Argument Rests on a Blatant Misstatement of the Law.............................................19

i

B.    CNN's Contention That Veritas Failed to Plead Actual Malice Is Meritless...........................................................................................22

       1.    The Actual Malice Standard Is Not Prohibitive, Especially at the Pleadings Stage...................................................................23

       2.    Veritas Pled Direct Evidence of Actual Malice:  Cabrera's Own Tweet and CNN's Own Reporting....................................24

       3.    Veritas Pled Circumstantial Evidence of Actual Malice, But CNN Ignores or Mischaracterizes It. .......................................26

CONCLUSION .......................................................................................28

CERTIFICATE OF COMPLIANCE ....................................................30

CERTIFICATE OF SERVICE..............................................................31

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agbimson v. Handy*,
  No. 17-cv-9252, 2019 WL 3817207 (S.D.N.Y. Aug. 14, 2019) ..................18, 21

*Air Wisc. Airlines Corp. v. Hoeper*,
  571 U.S. 237 (2014) .........................................................................................14

*Armstrong v. Simon & Schuster, Inc.*,
  85 N.Y.2d 373 (1995).......................................................................................22

*Biro v Condé Nast*,
  883 F. Supp. 2d 441 (S.D.N.Y. 2012) .........................................................20, 21

*Biro v. Condé Nast*,
  807 F.3d 541 (2d Cir. 2005) ............................................................................27

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
  861 F.3d 1081 (10th Cir. 2017) ...............................................................13, 14, 15

*Buckley v. Littell*,
  539 F.2d 882 (2d Cir. 1976) .............................................................................9

*Bustos v. A&E Television Networks*,
  *646 F.3d 762 (10th Cir. 2011) ...................................................................13, 14

*Cafferty v. Southern Tier Pub'g Co.*,
  266 N.Y. 87 (1919)............................................................................................5

*Calhoun v. Cooper*,
  206 A.D.2d 497 (2d Dep't 1994)........................................................................8

*Celle v. Filipino Rep. Enters. Inc.*,
  209 F.3d 163 (2d Cir. 2000) .........................................................17, 21, 24, 26

*Choi v. Lee*,
  312 F. App'x 551 (4th Cir. 2009).....................................................................13

*Desnick v. Am. Broad. Cos.*,
  44 F.3d 1345 (7th Cir. 1995) ...........................................................................8

*Dibble v. WROC TV Channel 8*,
142 A.D.2d 966 (4th Dep't 1988) ..........................................................4

*Eramo v. Rolling Stone, LLC*,
209 F. Supp. 3d 862 (W.D. Va. 2016)..............................................26, 28

*\*Fleckenstein v. Friedman*,
266 N.Y. 19 (1934)..........................................................................5

*Franklin v. Daily Holdings, Inc.*,
135 A.D.3d 87 (1st Dep't 2015) ....................................................4, 6

*Garcia v. Miami Beach Police Dep't*,
336 F. App'x 858 (11th Cir. 2009)....................................................13

*Goldman v. Reddington*,
417 F. Supp. 3d 163 (E.D.N.Y. 2019) ................................................5

*Guccione v. Hustler Mag., Inc.*,
800 F.2d 298 (2d Cir. 1986) ..............................................................6

*\*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
491 U.S. 657 (1989) ....................................................................26, 28

*Haynes v. Alfred A. Knopf, Inc.*,
8 F.3d 1222 (7th Cir. 1993) ......................................................6, 8, 14

*Hunt v. Liberty Lobby, Inc.*,
720 F.2d 631 (11th Cir. 1983) ....................................................23, 28

*Hutchinson v. Proxmire*,
443 U.S. 111 (1979) ........................................................................24

*\*Jewell v. NYP Holdings, Inc.*,
23 F. Supp. 2d 348 (S.D.N.Y. 1998) ........................................1, 6, 12

*Julian v. Am. Bus. Consultants, Inc.*,
2 N.Y.2d 1 (1956)....................................................................18, 21

*Kerwick v. Orange Cnty. Publ'ns Div. of Ottaway Newspapers, Inc.*,
53 N.Y.2d 625 (1981)......................................................................28

iv

*Klayman v. City Pages,*
650 F. App'x 744 (11th Cir. 2016) .......................................................23

*Lawrence v. Bauer Publ'g & Printing Ltd.,*
459 U.S. 999 (1982) ..............................................................................24

*Levy v. Smith,*
988 N.Y.S.2d 523 (Sup. Ct. 2013) .................................................18, 21

*Louisiana v. Biden,*
45 F.4th 841 (5th Cir. 2022) .................................................................19

*Manson v. Little Rock Newspapers, Inc.,*
42 F. Supp. 2d 856 (E.D. Ark. 1999),
*aff'd*, 200 F.3d 1172 (8th Cir. 2000) .....................................................9

*Mariscal v. Harrington,*
No. 09-cv-5749, 2010 WL 3942772 (C.D. Cal. Aug. 31, 2010) .........11

*Masson v. New Yorker Mag., Inc.,*
501 U.S. 496 (1991) .........................................................................3, 14

*Matovcik v. Times Beacon Rec. Newspapers,*
46 A.D.3d 636 (2d Dep't 2007)...............................................................6

*Michel v. NYP Holdings, Inc.,*
816 F.3d 686 (11th Cir. 2016) ..............................................................23

*Nelson v. McClatchy Newspapers, Inc.,*
936 P.2d 1123 (Wash. 1997) ..................................................................9

*Newspaper Guild v. NLRB,*
636 F.2d 550 (D.C. Cir. 1980)................................................................9

*Palin v. N.Y. Times Co.,*
940 F.3d 804 (2d Cir. 2019) ...........................................................23, 25

*Pan Am Sys., Inc. v. Atl. Ne. Rails & Ports, Inc.,*
804 F.3d 59 (1st Cir. 2015) ...................................................................15

*Parker v. Blackerby,*
No. 16-cv-6475, 2017 WL 1383919 (W.D.N.Y. Apr. 14, 2017) .........13

*Parks v. LaFace Records*,
329 F.3d 437 (6th Cir. 2003) ...............................................................13

*\*Partridge v. State*,
173 A.D.3d 86 (3d Dep't 2019).........................................16, 19, 20, 21

*Pope v. Chron. Publ'g Co.*,
95 F.3d 607 (7th Cir. 1996) ...............................................................14

*Printers II, Inc. v. Pros. Publ'g, Inc.*,
784 F.2d 141 (2d Cir. 1986) .............................................................1, 4

*Rinaldi v. Holt, Rinehart, & Winston, Inc.*,
42 N.Y.2d 369 (1977)............................................................................6

*Rinsley v. Brandt*,
700 F.2d 1304 (10th Cir. 1983) ..........................................................14

*Sadallah v. City of Utica*,
383 F.3d 34 (2d Cir. 2004) .................................................................13

*Shulman v. Hunderfund*,
12 N.Y.3d 143 (2009)............................................................................4

*St. Amant v. Thompson*,
390 U.S. 727 (1968) ............................................................................24

*Steeves v. United States*,
No. 05-cv-43, 2006 WL 3526911 (W.D. Va. Dec. 6, 2006),
*aff'd*, 234 F. App'x 102 (4th Cir. 2007) .............................................13

*\*Stepanov v. Dow Jones & Co.*,
120 A.D.3d 28 (1st Dep't 2014).........................................16, 17, 19, 20

*Sun Printing & Publ'g Ass'n v. Schenck*,
98 F. 925 (2d Cir. 1900) ........................................................................6

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
864 F.3d 236 (2d Cir. 2017) .................................................................4

*Tavoulareas v. Piro*,
763 F.2d 1472 (D.C. Cir. 1985)...........................................................28

*Tavoulareas v. Piro*,
  817 F.2d 762 (D.C. Cir. 1987)............................................................24

*Toomey v. Farley*,
  2 N.Y.2d 71 (1956)..........................................................................8

*Vandenburg v. Newsweek, Inc.*,
  441 F.2d 378 (5th Cir. 1971) ..........................................................28

*Verragio, Ltd. v. AE Jewelers, Inc.*,
  No. 15-cv-6500, 2017 WL 4125368 (S.D.N.Y. Aug. 23, 2017) ..........6

*Watson v. NY Doe 1*,
  439 F. Supp. 3d 152 (S.D.N.Y. 2020) .............................................21

*Williams v. Boyle*,
  72 P.3d 392 (Colo. 2003) ................................................................14

*Wilson v. Cable News Network, Inc.*,
  444 P.3d 706 (Cal. 2019)................................................................10

*Yammine v. DeVita*,
  43 A.D.3d 520 (3d Dep't 2007)........................................................8

## Other Authorities

1 Rodney Smolla, *Law of Defamation* §5:20 (2d ed. 2022)..................4, 6

10B Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* §2730 ............28

16AA Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* §3974.3 ..................22

Am. Press Inst., *Journalism as a Discipline of Verification* ...................11

Bill Kovach & Tom Rosenstiel, *The Elements of Journalism* (4th ed. 2021).........11

Chicago Tribune, *Tribune Code of Editorial Principles* .........................12

Clay Calvert, *The First Amendment, Journalism & Credibility:
A Trio of Reforms for a Meaningful Free Press More Than Three
Decades After* Tornillo, 4 First Amend. L. Rev. 9 (2005)...................11

L.A. Times, *Ethics Guidelines* ...........................................................11

Matthew C. Ehrlich, *Hollywood and Journalistic Truthtelling*,
  19 Notre Dame J.L. Ethics & Pub. Pol'y 519 (2005)..........................................11

N.Y. Times, *Ethical Journalism*..............................................................................12

N.Y. Times, *Guidelines on Integrity* ......................................................................12

Restatement (Second) of Torts §580A ....................................................................33

Restatement (Second) of Torts §581A ....................................................................7

Wash. Post, *About the Post*.....................................................................................11

William Prosser & Robert Keeton, *The Law of Torts* (5th ed. 1984)......................9

# INTRODUCTION

CNN's scattershot brief does everything it can to avoid the simple issue presented in this appeal. CNN told a national television audience that Veritas published "misinformation" (*i.e.*, false information), when in fact Veritas had published truthful but (supposedly) private information. The district court held CNN's statement was "substantially true" because it erroneously concluded that the "damage to [Veritas'] reputation" from CNN's statement "would be no less" than the damage to Veritas' reputation if CNN had published the truth—***not*** because the gist of the statement was accurate. (A51.) The district court did so even though the "the substantial truth doctrine is not concerned with harm" and a statement can only be substantially true if "the overall gist or substance of the challenged statement is true."[1]

The district court plainly erred—for numerous reasons, as explained in Veritas' Opening Brief. But rather than engage with the straightforward issue presented, CNN does everything it can to misdirect and avoid it, while scarcely even trying to defend the district court's erroneous decision.

First, ***CNN mischaracterizes Veritas' arguments.*** CNN asserts that Veritas' "primary basis for reversal" is the argument that the district court "erroneously

---

[1] *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 394 (S.D.N.Y. 1998); *Printers II, Inc. v. Pros. Publ'g, Inc.*, 784 F.2d 141, 146 (2d Cir. 1986).

appl[ied] the libel-proof [plaintiff] and incremental harm doctrines" (CNN Br. 13, 20-26)—even though Veritas does not mention the libel-proof plaintiff doctrine or contend that the incremental harm doctrine applies at all. ***CNN then invents legal requirements for defamation claims.*** CNN contends there is a federal "material falsity" requirement separate and different from "substantial truth" (CNN Br. 26-34)—and asserts that Veritas did not satisfy it and waived its ability to argue that it did (CNN Br. 18-20)—even though its own caselaw refutes its contention. Next, ***CNN makes up facts outside the pleadings (at the motion-to-dismiss stage)***, repeatedly asserting that "[t]here is no dispute" that Veritas was "banned from Twitter for repeatedly 'sharing – or threatening to share' harmful private information," "engag[ing] in misconduct that endangered people," and "blackmail[ing] ... and endangering people's safety." (CNN Br. 3-4, 32, 37-38.) But those assertions have no support in the pleadings; rather, the well-pled facts show that Veritas was suspended from Twitter for publishing a single interview in which a house number (not connected to any State, city, or even street) was visible in the background without endangering anyone, just as CNN has done. (A8, A14-15.) Finally, ***CNN even resorts to attacking Veritas' counsel***, accusing them of "selective[ly] misquoting" caselaw, "obscur[ing] the facts," and relying on "florid rhetoric" and "artifice." (CNN Br. 5, 11, 25-26.)

When CNN does address the issue presented in this appeal—whether its defamatory statement is substantially true—it simply parrots the district court's erroneous opinion without attempting to explain how or why it was correct, and without even acknowledging (much less attempting to rebut) Veritas' thorough explanation of how the district court contravened settled New York defamation law. Although CNN is correct that this appeal "presents a simple question" (CNN Br. 4), the simple answer is that the district court erred, and remand is appropriate.

## ARGUMENT

### I. CNN Offers No Valid Reason to Hold Its Defamatory Statement Substantially True.

CNN does not seriously attempt to defend the district court's erroneous holding that its defamatory statement was "substantially true." Indeed, CNN relegates the issue of substantial truth—the primary issue in this appeal—to Section VI of its brief and then just parrots the district court's discussion of it, because CNN cannot meaningfully defend the district court's analytical errors.

#### A. CNN Cannot Justify the District Court's Application of an Incorrect Comparative-Harm Test for Substantial Truth—And It Barely Even Tries to Do So.

The "substantial truth" doctrine is straightforward. (Opening Br. 19-29.) Designed to ensure that defamation liability is not premised on "slight inaccuracy in the details" of a statement, *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 516-17 (1991), the doctrine provides that "it is not necessary to demonstrate complete

accuracy to defeat a charge of libel" but "only ... that the gist or substance of the challenged statements be true," *Printers II, Inc. v. Pros. Publ'g, Inc.*, 784 F.2d 141, 146 (2d Cir. 1986); *Shulman v. Hunderfund*, 12 N.Y.3d 143, 150 (2009) (defamation law "overlooks minor inaccuracies and concentrates upon substantial truth"); *accord Dibble v. WROC TV Channel 8*, 142 A.D.2d 966, 967 (4th Dep't 1988); 1 Rodney Smolla, *Law of Defamation* §5:20 (2d ed. 2022). Stated in somewhat different terms, "[a] statement is substantially true if [it] would not have a different effect on the mind of the reader from that which the pleaded truth would have produced" or if it "could have produced no worse an effect on the mind of a reader than the truth pertinent to the allegation." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 242 (2d Cir. 2017); *Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87, 94 (1st Dep't 2015).

Like the district court (A49), CNN seizes on that language and contends that its defamatory accusation—that Twitter suspended Veritas for publishing and "promoting misinformation"—is "substantially true" ***not*** because its gist or substance is true but because (according to CNN) it "would not have affected [Veritas'] reputation in the minds of average viewers" any more than the "pleaded truth" that Veritas published truthful but private information (and was suspended by Twitter for doing so). (CNN Br. 36-39.) But CNN does not remotely explain how

the question of substantial *truth* turns on whether its statement adversely affected Veritas' *reputation*—because that is not the law.

New York courts have consistently held that substantial truth focuses on whether the challenged statement conveys substantially the same *facts* as the truth. As New York's highest court explained in *Fleckenstein v. Friedman*, 266 N.Y. 19 (1934), and *Cafferty v. Southern Tier Publishing Co.*, 266 N.Y. 87 (1919)—which together originated the "effect on the mind of the reader" framing—"[a] workable test [for substantial truth] is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced," ***because "'[w]hen the truth is so near to the facts as published*** that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done.'" *Fleckenstein*, 266 N.Y. at 23 (quoting *Cafferty*, 226 N.Y. at 93); *Goldman v. Reddington*, 417 F. Supp. 3d 163, 171 (E.D.N.Y. 2019); *see also* Opening Br. 21-22 (collecting cases).[2]

Thus, as the leading defamation treatise explains, the key distinction is:

> between (1) inaccuracies that amount to charges of an act of misconduct different from the one plaintiff actually engaged in, and (2) cosmetic inaccuracies that correctly identify the act but err in describing minor details concerning the act.

---

[2] Emphasis added unless otherwise noted.

1 Rodney Smolla, *Law of Defamation* §5:20. Whereas statements of the latter variety are substantially true, those of the former—statements that charge "an act of misconduct" that the plaintiff did not actually "engage[] in"—are ***not*** substantially true. *Id.* Because "the substantial truth doctrine is not concerned with harm," *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 394 (S.D.N.Y. 1998), "[i]t is not a defense to a libel or slander that the plaintiff has been guilty of offenses other than those imputed to him, or of offenses of a similar character," *Sun Printing & Publ'g Ass'n v. Schenck*, 98 F. 925, 929 (2d Cir. 1900); Restatement (Second) of Torts §581A cmt. f (same).

CNN does not even attempt to distinguish these authorities and their commonsense conclusion. CNN's own caselaw confirms that substantial truth turns ***not*** on reputational harm (which goes to defamatory meaning and damages) but on whether the challenged statement is a "basically accurate account" of the facts. *E.g.*, *Rinaldi v. Holt, Rinehart, & Winston, Inc.*, 42 N.Y.2d 369, 383 (1977).[3] Indeed,

---

[3] *See also Guccione v. Hustler Mag., Inc.*, 800 F.2d 298, 303 (2d Cir. 1986) (citing *Fleckenstein*; statement not actionable because "the truth is so near to the facts as published"); *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1228 (7th Cir. 1993) (statement "must be closely related" to the "true ... facts" to be substantially true); *Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15-cv-6500, 2017 WL 4125368, at *7 (S.D.N.Y. Aug. 23, 2017) (statement not actionable because "the difference between the statement and reality" is not "substantial"); *Matovcik v. Times Beacon Rec. Newspapers*, 46 A.D.3d 636, 639 (2d Dep't 2007) (statement actionable because it conveyed different facts than the truth); *Franklin*, 135 A.D.3d at 94 (same; statement

6

**CNN admits** that it is an "unremarkable proposition that a false accusation of committing a specific crime [act of misconduct] cannot be justified [as substantially true] because the plaintiff committed other, substantially unrelated crimes [acts of misconduct]."  (CNN Br. 21.)

***

Under the proper test for substantial truth, CNN's defamatory statement was plainly not "substantially true."  CNN Anchor Cabrera stated that Twitter suspended Veritas—a journalism enterprise—for publishing and "promoting misinformation," but in reality Twitter had *not* suspended Veritas for publishing misinformation at all. (A9, A14-18.)  Rather, Twitter suspended Veritas for a decidedly different reason: publishing truthful but private information—which Cabrera and CNN had reported just four days earlier.  (*Id.*)  CNN thus accused Veritas of an act of misconduct when Veritas in fact engaged in a completely different act (that is not misconduct at all): publishing truthful information in the form of a street number divorced from its street name, city, or State.  And the mere fact that Veritas was suspended from Twitter cannot render CNN's statement substantially true, just as a false statement that a person was jailed for embezzlement cannot be rendered substantially true by the fact that he was jailed for sexual assault.  *E.g.*, *Desnick v. Am. Broad. Cos.*, 44 F.3d 1345,

---

conveyed "plaintiff was actually present in [a] club, prepared to shoot a firearm" but he was not).

1350 (7th Cir. 1995); *Haynes*, 8 F.3d at 1228 (Any other rule "would strip people who had done bad things of any legal protection against being defamed; they would be defamation outlaws."); William Prosser & Robert Keeton, *The Law of Torts* 841 (5th ed. 1984). CNN does not contend otherwise.

**B.** **Veritas Satisfied Even the District Court's (and CNN's) Incorrect Comparative-Harm Test—CNN's Contrary Argument Relies on a Misstatement of the Record and Its Own Unsupported Say-So.**

Even if the district court were correct to graft a comparative-harm test onto New York's substantial-truth jurisprudence (it was not), its decision must still be reversed because it adjudicated what is clearly a question of fact (the question of damage) at the pleadings stage and doubly erred by construing facts against Veritas.

New York courts have repeatedly admonished that determining the gravity of damage caused by a defamatory statement "is peculiarly within the jury's province"—it is a question of fact. *E.g.*, *Yammine v. DeVita*, 43 A.D.3d 520, 521 (3d Dep't 2007); *Toomey v. Farley*, 2 N.Y.2d 71, 83 (1956); *Calhoun v. Cooper*, 206 A.D.2d 497, 497 (2d Dep't 1994). And Veritas pled that unlike a statement that Twitter suspended it for publishing truthful but private information—which would *not* impugn its journalistic integrity—the accusation that Twitter suspended it for publishing and promoting misinformation *does* impugn its journalistic integrity, thereby imputing to Veritas conduct "incompatible with" and "disqualification to fulfill" its business, trade, or profession "as an investigative journalism

8

organization." (A7-8, A22-23.) At the pleadings stage, that ends the harm inquiry. If the substantial harm test does consider harm to reputation (it does not) then a jury—not the trial judge—must make those findings.

But the district court did not present that fact-question to the jury, and it instead resolved facts against Veritas. (A51.) Supporting its well-pled facts, Veritas cites voluminous caselaw,[4] leading journalism texts and scholarship,[5] and media codes of conduct and mission statements[6] that uniformly emphasize the paramount importance of credibility and integrity to journalistic organizations, highlighting it

---

[4] *E.g.*, *Buckley v. Littell*, 539 F.2d 882, 896-97 (2d Cir. 1976); *Newspaper Guild v. NLRB*, 636 F.2d 550, 560 (D.C. Cir. 1980); *Manson v. Little Rock Newspapers, Inc.*, 42 F. Supp. 2d 856, 866 (E.D. Ark. 1999), *aff'd*, 200 F.3d 1172 (8th Cir. 2000) (quoting *Nelson v. McClatchy Newspapers, Inc.*, 936 P.2d 1123, 1131 (Wash. 1997)).

[5] *E.g.*, Bill Kovach & Tom Rosenstiel, *The Elements of Journalism* 45 (4th ed. 2021); Clay Calvert, *The First Amendment, Journalism & Credibility: A Trio of Reforms for a Meaningful Free Press More Than Three Decades After* Tornillo, 4 First Amend. L. Rev. 9, 17 (2005); Matthew C. Ehrlich, *Hollywood and Journalistic Truthtelling*, 19 Notre Dame J.L. Ethics & Pub. Pol'y 519, 519 (2005); Am. Press Inst., *Journalism as a Discipline of Verification*, https://www.americanpressinstitute.org/journalism-essentials/verification-accuracy/journalism-discipline-verification.

[6] *E.g.*, L.A. Times, *Ethics Guidelines*, https://www.latimes.com/la-times-ethics-guidelines-story.html; Wash. Post, *About the Post*, https://www.washingtonpost.com/about-the-post; Chicago Tribune, *Tribune Code of Editorial Principles*, http://www.trbas.com/media/media/acrobat/2017-04/70017931280960-25200546.pdf; N.Y. Times, *Ethical Journalism*, https://www.nytimes.com/editorial-standards/ethical-journalism.html; N.Y. Times, *Guidelines on Integrity*, https://www.nytimes.com/editorial-standards/guidelines-on-integrity.html.

as "central," "crucial," "elemental," and "critical"; labeling it the "core objective," "paramount principle," "most precious asset," and "essence of [journalists'] work"; and explaining that "provid[ing] false information ... betrays [journalists'] fundamental pact with [their] readers." (Opening Br. 30-34.) CNN does not even attempt to rebut those authorities—nor could it as the very organization that touts itself as "the most trusted name in news" and emphasizes the importance of integrity and credibility for its own brand. *E.g.*, *Wilson v. Cable News Network, Inc.*, 444 P.3d 706, 722 (Cal. 2019).

CNN's only response is to make up facts and insist those (non)facts demonstrate that the harm its false reporting caused Veritas is no worse than the harm that would have resulted from CNN reporting the truth. According to CNN, the "truth" is that Veritas was "banned from Twitter for repeatedly 'sharing – or threatening to share' harmful private information," "engag[ing] in misconduct that endangered people," and "blackmail[ing] ... and endangering people's safety." (CNN Br. 37-38; *see also id.* at 3-4, 6-7, 13, 32 (emphasizing supposed "repeated" misconduct).) From that premise, CNN asserts that had it reported that "truth," it would have "maligned" Veritas' "reputation, credibility, and 'integrity'" as much or worse than it did by accusing Veritas of publishing and "promoting misinformation." (CNN Br. 36-38.)

But CNN proceeds from a false premise: There is no support whatsoever in the pleadings for CNN's assertions that Veritas repeatedly violated any Twitter policies or "blackmail[ed]" or "endanger[ed]" anyone. Rather, the pleadings are clear: Veritas was suspended from Twitter for publishing a single attempted interview in which a house number was visible in the background—even though the report did not reveal the State, city, or street where it was filmed and even though such attempted interviews (with visible house numbers) are common journalistic practice and routinely published on Twitter, including by CNN. (A14-15.) CNN cannot change those well-pled facts through its own repeated say-so. *See Mariscal v. Harrington*, No. 09-cv-5749, 2010 WL 3942772, at *5 (C.D. Cal. Aug. 31, 2010) ("Proof by repeated assertion is a logical fallacy.").

## II. CNN's Attempts to Obscure the Substantial Truth Issue by Raising a Grab-Bag of Unrelated Arguments Cannot Rescue the District Court's Erroneous Decision.

Rather than engage with the substantial truth issue presented in this appeal, CNN devotes most of its scattershot brief to unrelated issues. But CNN's arguments rely on straw men and plainly incorrect statements of the law.

### A. CNN's Libel-Proof Plaintiff and Incremental Harm Argument Is a Straw Man.

In a first attempt to sidestep the "substantial truth" issue, CNN blatantly mischaracterizes Veritas' arguments. CNN boldly asserts that Veritas' "primary argument for overturning the [district court's] dismissal" and "primary basis for

reversal" is the argument that the district court "erroneously applied the libel-proof [plaintiff] and incremental harm doctrines." (CNN Br. 13, 20-26.) But Veritas makes no such argument. Indeed, Veritas' Opening Brief does not even contain the words "libel-proof," much less argue the libel-proof plaintiff doctrine. Nor does Veritas suggest that the incremental harm doctrine applies: Veritas expressly states in its Opening Brief that it does ***not*** apply. (Opening Br. 29 n.18.)

Veritas could not have been more clear: This case involves the substantial truth doctrine, which "is ***not*** concerned with harm." *Jewell*, 23 F. Supp. 2d at 394. By conflating the "conceptually distinct" substantial truth and incremental harm doctrines, *id.*, CNN invited the district court to err by evaluating substantial truth using a comparative-harm test (DE 20-1 at 14), and the district court accepted that invitation (A49). CNN (not Veritas) reiterates that invitation here. This Court should not accept it.

## B. CNN Invents a Federal-Law Material Falsity Requirement That Does Not Exist and Asks This Court to Affirm on That Improper Basis.

Next, CNN attempts to avoid the "substantial truth" issue by inventing a federal-law "material falsity" requirement separate and different from "substantial truth," asserting that the district court granted its motion to dismiss on the alternative ground that Veritas failed to satisfy that non-existent requirement, and declaring that

Veritas waived its ability to challenge that supposed alternate holding. (CNN Br. 18-20, 26-34.) But CNN's argument fails at each step.

To begin, CNN is just plain wrong that there is a federal-law "material falsity" requirement separate from New York's "substantial truth" doctrine. It is axiomatic that "defamation is a creature of state law, 'not of federal constitutional law,'" *Parker v. Blackerby*, No. 16-cv-6475, 2017 WL 1383919, at *6 (W.D.N.Y. Apr. 14, 2017) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)), and "there is no federal law of defamation," *Steeves v. United States*, No. 05-cv-43, 2006 WL 3526911, at *1 (W.D. Va. Dec. 6, 2006), *aff'd*, 234 F. App'x 102 (4th Cir. 2007); *see also Garcia v. Miami Beach Police Dep't*, 336 F. App'x 858, 860 (11th Cir. 2009). Although "[t]he application of the state law of defamation is limited, of course, by the First Amendment," *Choi v. Lee*, 312 F. App'x 551, 552-53 (4th Cir. 2009), courts simply have not created a federal "material falsity" requirement.

CNN's caselaw does not hold otherwise. The cases CNN cites as supposedly reflecting a federal-law material falsity requirement apply *state* law,[7] do not mention

---

[7] *Bustos v. A&E Television Networks*, 646 F.3d 762, 764-65 (10th Cir. 2011) (Colorado law); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1111 (10th Cir. 2017) (Colorado law); *Masson*, 501 U.S. at 517 (California law); *Parks v. LaFace Records*, 329 F.3d 437, 462 (6th Cir. 2003) (Michigan law).

material falsity at all,[8] and/or are not even defamation cases.[9]  Moreover, the state-law material falsity requirements that CNN cites (and misstates as federal) are substantively identical to the substantial truth doctrine, providing that "[m]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified."[10]  *E.g.*, *Brokers' Choice*, 861 F.3d at 1111 ("[I]t makes no difference whether we address the issue presented here as whether the [news] program was materially false or substantially true.").  The difference in phrasing between "material falsity" and "substantial truth" simply relates to the fact that for some private-figure-plaintiffs under some states' defamation laws, truth is an affirmative defense (whereas falsity is an element of the claim for public-figure plaintiffs).  *E.g.*, *Williams v. Boyle*, 72 P.3d 392, 401 (Colo. 2003).  But CNN's caselaw is clear:  "The essence of that inquiry ... remains the same whether the burden rests upon plaintiff or defendant."  *Masson*, 501 U.S. at 517.  CNN's assertion that "material falsity is a higher constitutional standard" (CNN Br. 26) is, itself, materially false.

---

[8] *Pope v. Chron. Publ'g Co.*, 95 F.3d 607, 613 (7th Cir. 1996); *Haynes*, 8 F.3d at 1228.

[9] *Air Wisc. Airlines Corp. v. Hoeper*, 571 U.S. 237, 246 (2014) (Aviation Transportation Security Act immunity issue); *Rinsley v. Brandt*, 700 F.2d 1304, 1307-08 (10th Cir. 1983) (false light under Kansas law).

[10] *Bustos*, 646 F.3d at 764 (quoting *Masson*, 501 U.S. at 517); *Air Wisc.*, 571 U.S. at 255.

Likewise, CNN is just plain wrong in claiming that the "District Court's key ruling" below is that, as "an alternative basis for dismissal," Veritas did not satisfy a federal-law material falsity requirement separate from and different than substantial truth. (CNN Br. 18, 26.) This is clear from even cursory review of the court's opinion: the "Merits of CNN's Motion to Dismiss" portion of that opinion is divided into just two sections, "Substantial Truth and Falsity" and "Actual Malice." (A48-55.) Moreover, the court expressly stated at the conclusion of its opinion that it granted CNN's motion to dismiss on the basis of substantial truth: "After review, the Court finds that because its substantial truth analysis, *supra*, is determinative, an actual malice plausibility ruling is not required." (A55.) CNN's assertion otherwise—which it bases entirely on the fact that the court (unsurprisingly) addressed CNN's material-falsity argument in a single sentence within its "substantial truth" discussion (CNN Br. 26)—is simply disingenuous.

Finally, as this discussion demonstrates, Veritas did not somehow waive its ability to challenge the dismissal of its claim. There is no federal "material falsity" requirement, and even if there were, it would be the exact same thing as "substantial truth," phrased in the negative. *Brokers' Choice*, 861 F.3d at 1111; *Pan Am Sys., Inc. v. Atl. Ne. Rails & Ports, Inc.*, 804 F.3d 59, 66 (1st Cir. 2015). And Veritas devoted the vast majority of its Opening Brief to arguing that the district court erred in holding CNN's defamatory statement substantially true. (Opening Br. 19-34.)

**III. CNN's Requests for Affirmance on Other Grounds Should Be Denied.**

Perhaps recognizing the errors in its arguments, CNN pivots and asks this Court to affirm the district court's erroneous judgment on grounds not decided by that court. CNN's request should be denied.

**A. CNN's Contention That Veritas Failed to Properly Plead a Defamation-by-Implication Claim Is Meritless.**

CNN's argument that Veritas "has not plausibly pleaded a defamation by implication claim" rests entirely on its assertion that the district court erroneously held that CNN intended or endorsed the defamatory implication that Veritas was suspended from Twitter for publishing misinformation *based on CNN's "Commentary [defamatory statement] itself."* (CNN Br. 43.) But, as explained below, that is exactly what the law requires: defamation-by-implication presents an "objective inquiry [that] 'asks whether the plain language of the communication itself suggests that an inference was intended or endorsed.'" *Partridge v. State*, 173 A.D.3d 86, 94 (3d Dep't 2019) (quoting *Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 37 (1st Dep't 2014)). CNN cites no case holding otherwise. And it cites *Stepanov* without acknowledging its key holding. But the Court need not even address that issue because CNN expressly defamed Veritas, and the Court should so hold.

### 1. CNN Expressly Defamed Veritas.

Under New York law, a statement is expressly defamatory if, on its face, it is reasonably susceptible of defamatory connotations. *Stepanov*, 120 A.D.3d at 42. Here, CNN Anchor Cabrera stated that "[w]e're starting to see companies cracking down to try to stop the spread of misinformation and to hold some people who are spreading it accountable," and in the very next sentence—indeed, her very next breath—stated "*[f]or example*, Twitter has suspended the account of Project Veritas." (A17-18.) Then, in the next sentence—her next breath—Cabrera stated that "this is *part of* a much broader crackdown, as we mentioned, by social media giants on accounts that are promoting misinformation." (*Id.*)

CNN argues that those three sentences must be parsed and read in isolation such that an implication is necessary to reach the conclusion that it accused Veritas of spreading or promoting misinformation. The district court accepted CNN's invitation to do just that and, on that basis, held that they could not support an express defamation claim because each sentence "could be proven to be literally true *in isolation*." (A45.)

But that violates settled law. "Challenged statements are not to be read in isolation, but must be perused as the average reader would against the 'whole apparent scope and intent' of the writing." *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000). Thus, courts "will not isolate individual sentences

from [a] publication ... to render piecemeal determinations of their individual [defamation] viability." *Levy v. Smith*, 988 N.Y.S.2d 523, at *6 (Sup. Ct. 2013) ("'cardinal principle'" of libel law) (quoting *Julian v. Am. Bus. Consultants, Inc.*, 2 N.Y.2d 1, 22-23 (1956)); *Agbimson v. Handy*, No. 17-cv-9252, 2019 WL 3817207, at *5 (S.D.N.Y. Aug. 14, 2019) (rejecting "Defendants' word parsing" and construing sentences in defamatory publication together).

Cabrera's language is clear on its face: She stated in three consecutive sentences that Veritas' Twitter suspension was an "*example*" of "companies cracking down to try to stop the spread of misinformation" and was "*part of*" that "crackdown ... on accounts that are promoting misinformation." (A17-18.) That language could not more expressly accuse Veritas of being suspended for publishing and "promoting misinformation."

CNN's contention that Veritas waived its ability to argue this point is incorrect. Because the district court held that Veritas properly pled its defamation claim under a defamation-by-implication theory (although it then erroneously held CNN's defamatory statement substantially true), Veritas did not need to address the issue in this appeal until CNN raised it in its Answer Brief by seeking affirmance on this alternative ground. And it is axiomatic that "the reply brief can respond to arguments raised for the first time in the appellee's brief." 16AA Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* §3974.3; *e.g.*, *Louisiana v. Biden*, 45 F.4th

841, 844 (5th Cir. 2022). The Court should hold CNN's defamatory statement *expressly* defamatory.

### 2. CNN's Defamation-by-Implication Argument Rests on a Blatant Misstatement of the Law.

Even if CNN's statement did not give rise to an express defamation claim, it plainly gives rise to a defamation-by-implication claim, as even the district court recognized. (A46-48.)

A plaintiff states a defamation-by-implication claim under New York law if "the language of the communication as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed the inference." *Partridge*, 173 A.D.3d at 94 (quoting *Stepanov*, 120 A.D.3d at 37-38). Stated slightly differently, New York law employs a "two-part test" requiring "(1) that the language of the communication as a whole reasonably conveys a defamatory inference, and (2) that such language affirmatively and contextually suggests that the declarant either intended or endorsed the inference." *Id.* at 91-92.

Critically, it is "an objective inquiry that must be undertaken when assessing a claim of defamation by implication." *Id.* at 94. "[T]his objective inquiry 'asks whether the plain language of the communication itself suggests that an inference was intended or endorsed.'" *Id.* (quoting *Stepanov*, 120 A.D.3d at 37). "[T]he focus is ***not*** on the declarant's mens rea or 'fault,' and ... judging whether the inference

was intended or endorsed redirects our inquiry from the mind's eye of the declarant to the very substance and 'context of the [communication] as a whole.'" *Id.* (quoting *Biro v Condé Nast*, 883 F. Supp. 2d 441, 466 (S.D.N.Y. 2012); citation omitted).

CNN ignores this settled law—despite citing caselaw affirming it—and contends that the district court erred by applying it. CNN argues (partly in its co-mingled "actual malice" argument) that Veritas needed to "offer[] a[] factual basis" aside from the language itself to "show that CNN subjectively intended to communicate the alleged defamatory implication." (CNN Br. 46-47.) But that is not the law. *E.g.*, *Partridge*, 173 A.D.3d at 94; *Stepanov*, 120 A.D.3d at 37; *Biro*, 883 F. Supp. 2d at 466. And, in any event, Veritas pled such facts. (*See infra* Part III.B.)

The plain language of CNN's defamatory statement establishes that, at bare minimum, CNN intended to imply that Veritas was suspended from Twitter for publishing misinformation. As explained above, Cabrera stated, in no uncertain terms in consecutive, expressly-linked sentences (indeed, in consecutive breaths) that companies are cracking down on the spread of misinformation, "*for example*" Twitter suspended Veritas' account, and that suspension was "*part of*" a "crackdown" by "social media giants on accounts that are promoting misinformation." (A17-18.) That language is unambiguous, and Cabrera's use of the connectives "*for example*" and "*part of*" readily indicates that she intended or

endorsed the inference that Veritas was suspended from Twitter for publishing misinformation. *E.g.*, *Partridge*, 173 A.D.3d at 95 (holding it reasonable to conclude from defendant's placement of plaintiff's photo alongside statements about sex offenders that defendant intended or endorsed false implication that plaintiff was a sex offender); *Biro*, 883 F. Supp. 2d at 466 (reasonable to conclude from author's statement that a person moved into town and was seen purchasing burglary tools, alongside separate statements about neighborhood thefts, that author intended or endorsed false implication that plaintiff was burglar); *Watson v. NY Doe 1*, 439 F. Supp. 3d 152, 162 (S.D.N.Y. 2020) (similar).

CNN's only argument to the contrary relies on the exact sort of "word parsing" that courts uniformly reject. *Agbimson*, 2019 WL 3817207, at *5; *see also e.g.*, *Celle*, 209 F.3d at 177; *Levy*, 988 N.Y.S.2d 523, at *6 (quoting *Julian*, 2 N.Y.2d at 22-23). According to CNN, its statement cannot imply that Veritas published or promoted misinformation because Cabrera spoke three separate sentences and did not directly say in any single sentence that "Veritas was suspended from Twitter for publishing misinformation." CNN thereby tries to make this a case of defamation-by-omission. But it is not. Cabrera's statements must be read together, in context. *E.g.*, *Celle*, 209 F.3d at 177. And that context makes clear that CNN falsely accused Veritas of publishing misinformation. To make that conclusion plain, consider the following hypothetical:

**Sentence #1:** We're starting to see Major League Baseball crack down on steroid use and hold steroid-users accountable.

**Sentence #2:** For example, Major League Baseball has suspended Chipper Jones, an infielder for the Atlanta Braves.

**Sentence #3:** This is part of a much broader crackdown, as we mentioned, by professional sports leagues on athletes who are using steroids.

No one can doubt that the speaker of those three sentences (falsely) accused Chipper Jones of being suspended for using steroids and intended or endorsed that meaning.[11]

## B. CNN's Contention That Veritas Failed to Plead Actual Malice Is Meritless.

Finally, CNN contends that the district court's erroneous judgment should be affirmed on another ground not decided by the district court: failure to plead actual malice. But CNN's contention rests on misstatements of the law, mischaracterization of its defamatory statement, and willful blindness to Veritas' well-pled facts.

---

[11] CNN cannot avoid this conclusion by noting that some courts have described the showing necessary to sustain a defamation-by-implication claim as "rigorous." (CNN Br. 43.) Ordinary rules of textual interpretation apply, and New York's highest court has expressly rejected the argument that "the defamatory implication must be clear and inescapable" as opposed to merely *a* reasonable construction of the statement. *Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 381 (1995).

### 1. The Actual Malice Standard Is Not Prohibitive, Especially at the Pleadings Stage.

Notwithstanding CNN's repeated touting of "powerful" First Amendment interests (*e.g.*, CNN Br. 16, 47-48), pleading actual malice is not a prohibitively-high hurdle. Veritas need only plead facts giving rise to a plausible inference that Cabrera knew that her defamatory statement was false or made it with reckless disregard for its truth or falsity. *Palin v. N.Y. Times Co.*, 940 F.3d 804, 814-15 (2d Cir. 2019); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016). CNN's suggestion that Veritas must "show something beyond knowledge of, or recklessness in regard to, the falsity of the statements['] defamatory meaning" (CNN Br. 45) is just wrong, and this Court has never held otherwise, including in the sole decision CNN cites as suggesting that it has: *Klayman v. City Pages*, 650 F. App'x 744, 749 (11th Cir. 2016) (*unpublished*). *See Hunt v. Liberty Lobby, Inc.*, 720 F.2d 631, 646 (11th Cir. 1983) (affirming finding of actual malice where defendant "chose language that was subject to a false and highly defamatory interpretation," notwithstanding defendant's protestation of innocent intent).

Moreover, CNN's suggestion that any doubts must be resolved "in favor of non-actionability" is entirely incorrect under longstanding federal caselaw well-known to this Court. (CNN Br. 30.) On the pleadings, all facts and doubts must be resolved in Veritas' favor. Moreover, the Supreme Court has admonished that because "proof of 'actual malice' calls a defendant's state of mind into question,"

where lack of fault is not clear, this element "does *not* readily lend itself to summary disposition." *Hutchinson v. Proxmire*, 443 U.S. 111, 120 n.9 (1979) (citing 10B Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* §2730); *Lawrence v. Bauer Publ'g & Printing Ltd.*, 459 U.S. 999, 1003-04 (1982); *accord St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("***The finder of fact*** must determine whether the publication was indeed made in good faith.").

Additionally, this Court must examine the ***totality*** of the allegations to determine whether, ***collectively***, they plausibly allege actual malice—not, as CNN suggests, consider whether each fact, in isolation, sufficiently alleges malice. *E.g.*, *Celle*, 209 F.3d at 183 ("'There is no doubt that evidence of negligence, of motive and of intent may be adduced for the purpose of establishing, ***by cumulation and by appropriate inferences***, the fact of a defendant's recklessness or of his knowledge of falsity.'" (citation omitted)); *Tavoulareas v. Piro*, 817 F.2d 762, 794 n.43 (D.C. Cir. 1987) ("[E]ach individual piece of evidence cannot fairly be judged individually[.]").

### 2. Veritas Pled Direct Evidence of Actual Malice: Cabrera's Own Tweet and CNN's Own Reporting.

CNN has no meaningful response to Veritas' well-pled facts constituting direct evidence of Cabrera's (and, thus, CNN's) actual malice—nor could it. (Opening Br. 36-37.) As Veritas pled, just four days before stating that Veritas was suspended from Twitter for publishing and "promoting misinformation," Cabrera

tweeted (and CNN reported) that Twitter suspended Veritas for "violations of Twitter's policies prohibiting the sharing—or threats of sharing—of other people's private information without consent." (A7-9, A16-17.)[12]  In other words, at the time Cabrera falsely stated that Twitter suspended Veritas for publishing and "promoting misinformation," she had actual, subjective awareness that Twitter had actually suspended Veritas for publishing *truthful* but private information—***not*** for publishing "misinformation."  That is actual knowledge of falsity—or, at a bare minimum, reckless disregard for the truth—full stop.  *E.g.*, *Palin*, 940 F.3d at 814-15 (actual malice plausibly pled where speaker previously reviewed and edited articles contradicting his false statements).

CNN's only retort is to repeat its assertion that its defamatory statement did not accuse Veritas of being suspended from Twitter for publishing misinformation. But that blinks reality—of course it did, and Cabrera intended and endorsed that accusation.  (*See supra*.)  CNN then attempts to misdirect, claiming that Veritas failed to plead facts showing that "CNN did not subjectively believe ... that PV *is* a source of misinformation." (CNN Br. 53 (emphasis in original).)  But Veritas'

---

[12]  Ana Cabrera (@AnaCabrera), Twitter (Feb. 11, 2021, 4:27pm), https://twitter.com/anacabrera/status/1359977301312761857 (A9, A17); Brian Fung, *Twitter Permanently Bans Project Veritas Account*, CNN (Feb. 11, 2021), https://www.cnn.com/2021/02/11/tech/twitter-project-veritas/index.html (A9, A16).

defamation claim is not about what CNN believes in the abstract—CNN plainly dislikes Veritas (which is, itself, circumstantial evidence of its actual malice). (Opening Br. 39-40.) Veritas' claim is based on CNN's false factual assertion that Veritas was suspended from Twitter for publishing misinformation, which Cabrera knew was false, as demonstrated by her tweet (and CNN's report) just four days earlier.

> ### 3. Veritas Pled Circumstantial Evidence of Actual Malice, But CNN Ignores or Mischaracterizes It.

CNN likewise has no meaningful response to Veritas' myriad well-pled facts that constitute circumstantial evidence of CNN's actual malice. (Opening Br. 37-42.) So, CNN attacks the legal standard for evaluating whether a complaint plausibly pleads actual malice and then ignores or mischaracterizes Veritas' well-pled facts. CNN pejoratively asserts that Veritas "relies on a 'cumulation' theory of actual malice, hoping the Court will be impressed with the totality of [its] allegations." (CNN Br. 50.) Yes! That is precisely what the law requires: Because no one fact is ever likely to carry the actual-malice day, courts must "evaluate[] 'the factual record in full'"—or, at the pleadings stage, the factual allegations in full—to determine whether, together, they give rise to an inference of actual malice. *Eramo v. Rolling Stone, LLC*, 209 F. Supp. 3d 862, 871 (W.D. Va. 2016) (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 693 (1989)); *Celle*, 209 F.3d at 183.

CNN cannot meaningfully dispute that Veritas pled numerous facts of the exact types that courts recognize as circumstantial evidence of actual malice.

***First***, CNN claims that Veritas' pleading that CNN had a preconceived storyline for its defamatory report and avoided contradictory information is conclusory, but it ignores Veritas' well-pled facts showing why and how Cabrera and CNN did so: Cabrera and CNN had a preconceived plan to accuse Veritas of publishing misinformation to undermine Veritas' "regular" reporting about CNN that has "call[ed] into question the accuracy and integrity of CNN's reporting," and "show[n] significant bias in [CNN's] reporting"—just as CNN has previously targeted and threatened Veritas. (A13, A16-17, A21.)

***Second***, CNN ignores Veritas' pleadings about its bias and ill-will toward Veritas, its motive to defame Veritas, and how "the nature and circumstances" of the defamation and Veritas' "previous dealings with [CNN]," *Biro v. Condé Nast*, 807 F.3d 541, 546 (2d Cir. 2005)—including CNN's previous baseless threats against Veritas for reporting on CNN—support an inference of actual malice. (A13, A16-17, A21.)

***Third***, CNN writes off Veritas' well-pled facts showing CNN departed from journalistic standards in its defamatory report because, CNN notes, a departure from journalistic standards is not sufficient *in and of itself* to prove actual malice. But CNN does not dispute that a departure from journalistic standards constitutes

circumstantial evidence of malice when considered collectively with other such evidence. *E.g.*, *Connaughton*, 491 U.S. 657, 693 (1989); *Hunt*, 720 F.2d at 645; *Vandenburg v. Newsweek, Inc.*, 441 F.2d 378, 380 (5th Cir. 1971); *Kerwick v. Orange Cnty. Publ'ns Div. of Ottaway Newspapers, Inc.*, 53 N.Y.2d 625, 627 (1981).

***Finally***, CNN asserts that a refusal to retract cannot be circumstantial evidence of actual malice because it occurs post-publication. Not so. "'Circumstantial evidence showing reckless disregard may derive from the defendant's words or acts before, at, or after the time of the communication,'" *Eramo*, 208 F. Supp. 3d at 874 (citation omitted), and "[i]t is entirely consistent with [*Sullivan*] that under certain circumstances 'evidence of a refusal to retract might be relevant in showing recklessness at the time the statement was published,'" *Tavoulareas v. Piro*, 763 F.2d 1472, 1477 (D.C. Cir. 1985) (quoting Restatement (Second) of Torts §580A cmt. d; brackets and ellipsis omitted).

## CONCLUSION

Veritas respectfully requests that the Court reverse the district court's judgment and remand with instructions that the parties proceed to discovery.

Date:  October 12, 2022

Respectfully Submitted,

_/s/ Elizabeth M. Locke, P.C._

HARMEET K. DHILLON
MATTHEW S. SARELSON
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700

ELIZABETH M. LOCKE, P.C.
  *Counsel of Record*
JOSEPH R. OLIVERI
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
libby@clarelocke.com

*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

1.      **Type Volume**

[X]     This document complies with type-volume limits of FRAP 32(a)(7)(B)

        because, excluding the parts of the document exempted by FRAP 32(f) (cover

        page, corporate disclosure statement, table of contents, table of citations,

        statement regarding oral argument, signature block, certificates of counsel,

        proof of service, attachments), this document contains 6,469 words.

2.      **Typeface and Type-Style**

[X]     This document complies with the typeface requirements of FRAP 32(a)(5)(A)

        and the type-style requirements of FRAP 32(a)(6) because this document has

        been prepared in a proportionally spaced typeface using Microsoft Word in

        14-point Times New Roman font.


  */s/ Joseph. R. Oliveri*
Joseph. R. Oliveri
*Attorney for Plaintiff-Appellant Project Veritas*

Dated:  October 12, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Reply Brief of Plaintiff-Appellant Project Veritas was filed with the Clerk of the Court using the Court's CM/ECF system on October 12, 2022, which will send notification of such filing to counsel for all parties. I further certify that all participants in this case are registered CM/ECF users.

Dated: October 12, 2022      By:    _/s/ Elizabeth M. Locke, P.C_
                                     Elizabeth M. Locke, P.C.